447 F.2d 193
 UNITED STATES of America, Defendant-Appellee,
v.
Charles DE LA BARRA, Plaintiff-Appellant.
No. 30906 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 19, 1971.
 
 Clarence D. Moyers, El Paso, Tex., for plaintiff-appellant.
 Seagal v. Wheatley, U.S. Atty., Ralph E. Harris, Asst. U.S. Atty., for defendant-appellee.
 Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit judges.
 RONEY, Circuit Judge:
 
 
 1
 This is an appeal from a conviction of transporting $10,000.00 of stolen money from El Paso, Texas, to Mexico, knowing the money to have been stolen, in violation of 18 U.S.C. 2314. Because the trial court exceeded the bounds of permissible comment on the evidence during his instructions to the jury, we reverse.
 
 
 2
 This defendant was charged in a six count indictment with violating 18 U.S.C. 2314. The first five counts alleged that the defendant, having devised a scheme to defraud, induced Ralph S. Lewis to travel in interstate commerce in execution of the scheme to defraud. The jury found the defendant not guilty on each of these five counts.
 
 
 3
 Count Six, upon which defendant was convicted, was based upon the theory that the defendant transported to Mexico $10,000 stolen from Lewis in El Paso. The defendant and Lewis, who were business associates, had traveled to El Paso with $10,000 in order to purchase goods.[1] After negotiations failed, the $10,000 in cash was placed in a motel safe by Lewis, while accompanied by the defendant. The receipt was given to Lewis. The next morning, in Lewis' absence, the defendant obtained the money and went to Mexico, where he was arrested five days later.
 
 
 4
 The defendant testified, and produced evidence, that he was a partner with Lewis. The defendant also testified that he did not request the money but that the motel secretary gave it to him at the direction of the motel manager; that he did not intend to keep the money but intended to give it to Lewis who was conducting business in El Paso; that he went to Juarez, Mexico, to buy his children some gifts and make business contacts; and that after he was in Mexico he decided to use some of the money for a vacation because Lewis, his partner, had previously taken a trip to Europe on partnership funds.
 
 
 5
 During the instructions, the court said to the jury:
 
 
 6
 'Now as to the sixth count, Ladies and Gentlemen of the Jury, as I have told you before, you are-- you could turn anybody loose if you wanted to, whether he was guilty or not. That is your province. You are the ones that decide it. The Court doesn't tell you that, but so far as the sixth count is concerned there is not any legal defense that has been put in this case by this Defendant that would permit you to find him innocent under the evidence. If you want to turn him loose on it you can. That is your privilege but the undisputed evidence here is this man took ten thousand dollars and the Court let in this testimony and it is nothing more than a red herring so far as the Court sees it. Now you determine that. Trying to bring up about this man renting apartments, about him feeling that because he had gotten money-- he had spent money on a trip he ought to do it, all that is nothing but a red herring. If that were a defense any person that wanted to take some money he would say 'well, I felt I was entitled to it so I took it and that is legal justification'. Well, it isn't. There is no legal justification to it. As I said, if you want to turn this man loose on this, you have the power to do that because you pass on the facts. You can determine if you want to in your own minds, if you want to say he was entitled to this ten thousand dollars-- seven thousand of which Mr.-- the other gentleman put up, I don't recall his name, you can do that because that is your exclusive jurisdiction and you can disregard anything I say about the facts in this case and you understand that but this attempted justification of saying that just because this man here-- dragging a herring across-- he had gone on trips, therefore I simply decided over there that I was going to keep this money, certainly is no excuse for anybody any more than if you were working for someone and you said 'well I think I should be drawing more pay so I am going to keep more money out of it. I felt I was entitled to more than that'. Of course you know that is not any justification. The Court will tell you that.'
 
 
 7
 This instruction was tantamount to a directed verdict. It gave the jury the choice of basing their verdict on the law and the facts and finding the defendant guilty, or of basing their verdict on whim and caprice and finding the defendant not guilty. The court had previously given the instruction that it was the jury's duty to their country to base their verdict upon the facts and the evidence, and if the defendant was guilty to find him guilty. The jury was also instructed not to be governed by sympathy, prejudice or bias. 'Under such instructions, the outcome was almost inevitable.' United States v. Garza, 426 F.2d 949 (5th Cir. 1970); United States v. Dopf, 434 F.2d 205 (5th Cir. 1970); United States v. Dillon, 446 F.2d 598 (5th Cir. 1971).
 
 
 8
 Not only did the instruction go beyond the bounds of judicial comment, but it also incorrectly charged the jury that the defendant had presented no legal defense. He was indicted for transporting money stolen or taken by fraud.[2] An important element of the crime is that the money had been stolen or taken by fraud at the time it was transported. Lowman v. United States, 243 F.2d 327 (8th Cir. 1957). Intent was a critical factor in this determination. As the court itself recognized and charged, the word 'stolen' as used in the statute relates to property dishonestly obtained or retained 'with the intent to deprive the owner of the benfits of ownership.' See United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957); Lyda v. United States, 279 F.2d 461 (5th Cir. 1960). The defendant testified that he had no intent to keep the money until after he was in Mexico. It that is true, the defendant would have a legal defense since the money would not have been 'stolen' until after it was transported to Mexico. However, under the instructions, the jury had no real opportunity to determine the truth of such testimony. Further, the question of defendant's intent was involved and such an issue is traditionally, and almost exclusively, for the jury. Accordingly, it is clear that the court was incorrect when it stated that the defendant had presented no legal defense.
 
 
 9
 It is not a sufficient answer to say that a federal judge has authority to comment on the evidence, or that the judge here stated that the jury could disregard his comments on the facts. The comment here was more in the nature of a legal conclusion than a comment on the evidence, and the jury could have construed it as an instruction on the law which it was bound to follow. The court usurped the jury's function and virtually directed a verdict of guilty. Accordingly, the judgment of conviction is reversed and the cause is remanded for a new trial on Count Six.
 
 
 10
 Reversed and remanded.
 
 
 
 [1]
 $3,000 had been contributed by Lewis. $7,000 had been contributed by a third person
 
 
 [2]
 'SIXTH COUNT (18 U.S.C. 2314). That on or about April 22, 1970, CHARLES DE LA BARRA transported and caused to be transported in foreign commerce from the Western District of Texas, to the United Mexican States, stolen money of over the value of $5,000.00, to wit: $10,000.00 in cash, and he then knew said money to have been stolen and taken by fraud.'