UNITED STATES of America, Plaintiff-Appellee,

v.

Eddie WOOD, Defendant-Appellant.

No. 71–2943.

United States Court of Appeals, Fifth Circuit.

April 20, 1972.

------♦------

Harry Lee Hudspeth, El Paso, Tex. (court appointed), for defendant-appellant.

Seagal V. Wheatley, former U. S. Atty., Edward S. Marquez, Asst. U. S. Atty., El Paso, Tex., William S. Sessions, U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

Appellant, Eddie Wood, was convicted by a jury of transporting a stolen automobile in interstate commerce in violation of 18 U.S.C.A. § 2312 and sentenced to five years' imprisonment. We reverse his conviction because of a defect in the trial court's charge to the jury.

In a portion of the charge the trial judge instructed the jury as follows: "Now, if you accept and believe the testimony, evidence, theories offered by the Government in this case, then the evidence is such to establish the guilt of the Defendant beyond a reasonable doubt." A slight variation of this charge was approved by this court in United States v. Blue, 5 Cir. 1970, 430 F.2d 1286. However, because the *Blue* charge, and particularly some of its variations, is tantamount to directing a verdict for the government and against the defendant, we recently reversed convictions in a series of cases in which the *Blue* charge or one of its variants was given to the jury. *See* United States v. Womack, 5 Cir. 1972, 454 F.2d 1337; United States v. Lowry, 5 Cir. 1972, 456 F.2d 341; United States v. Dillon, 5 Cir. 1971, 446 F.2d 598; United States v. Dopf, 5 Cir. 1970, 434 F.2d 205; United States v. Garza, 5 Cir. 1970, 426 F.2d 949. Indeed, in our most recent reversal we stated: "so that no doubt will remain, we decide that the *Blue* charge is no longer approved in this Circuit." United States v. Womack, *supra*, 454 F. 2d at 1344.

Of course, our decision in *Womack* does not, in and of itself, dictate reversal of the defendant's conviction in this case. We are mindful of the fact that we cannot isolate the above-quoted instruction and evaluate it in a vacuum. Gurleski v. United States, 5 Cir. 1968, 405 F.2d 253, cert. denied Smith v. United States, 1969, 395 U.S. 977, 89 S.Ct. 2127, 23 L.Ed.2d 765. In addition to the *Blue* charge, the trial judge in the instant case was careful to instruct the jury on the presumed innocence of the defendant and the burden of the government to prove each and every element of the offense beyond a reasonable doubt. Nevertheless, our review of the totality of the charge and the trial itself convinces us that the giving of the *Blue* charge in this case was prejudicial to the defendant. First, we note that the challenged instruction was given at the tail end of the trial court's charge to the jury, and at the time when the court was summating the important elements of the jury charge. More important, however, is the fact that in this case the evidence of the defendant's guilt fell far short of being overwhelming. *See*, e. g., United States v. Womack, *supra*. The defendant's principal defense to the charge of interstate car theft was a lack

of criminal responsibility due to mental illness. The defense put on strong, affirmative evidence of the defendant's insanity, and the government sought to show, by means of expert and lay testimony, the defendant's competence beyond a reasonable doubt. Thus, the defendant's sanity at the time of the commission of the offense was a crucial issue at the trial, and the evidence on that issue was extremely close. In such a case we think the likelihood of prejudice resulting from the giving of the *Blue* charge is substantial. Accordingly, the defendant's judgment of conviction is reversed and the case is remanded for a new trial.

Reversed and remanded.