**Ronnie Dennis BURGESS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 09 81 020 CR.**

Court of Appeals of Texas, Beaumont.

Dec. 30, 1981.

Rehearing Denied Jan. 25, 1982.

---

Larry E. Thorne, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

KEITH, Justice.

This is an appeal from a judgment of conviction of the offense of intentionally and knowingly carrying an illegal knife on premises licensed for the sale of alcoholic beverages in violation of *V.T.C.A., Penal Code § 46.02.* At the trial held on June 6, 1980, appellant entered a plea of guilty, waived a jury, stipulated to the evidence by a judicial confession of guilt, and applied for probation.

Acting under *Art. 42.12, § 3d, Vernon's Ann.C.C.P.*, the Court entered an order finding that the evidence substantiated appellant's guilt but deferred further proceedings without entering an adjudication of guilt and placed appellant upon probation for a period of five years.

On November 18, 1980, a motion to revoke probation was filed with six separate grounds for revocation set out therein. After a hearing, the trial court revoked probation and assessed punishment at confinement for not less than two or more than six years. The judgment specifically recited that the first four grounds in the motion to revoke probation were found not to be true. Sentence was duly imposed and this appeal follows.

Appellant contends that the trial court abused its discretion by basing revocation upon proof that appellant failed to remain in Jefferson County as required by the probation order. The complaint has merit. The boiler plate probation order in our record contains, in paragraph "g", this requirement: "Remain in the following location: Jefferson County, Texas," followed by a blank line designed for a variation. This line is blank upon the photocopy of the original order in our record.

Immediately following this generalized order of probation is an amended order changing the requirement that appellant remain in Jefferson County.*

* The amended order reads: "The conditions of probation are hereby amended to include the following: Probationer is hereby ordered to reside at Fort Benning Georgia for the purpose of being enlisted in the Army. Mr. Burgess is

The motion alleged that appellant violated the terms of his probation "[b]y failing to remain in Jefferson County, *as ordered by the Court . . .* in violation of Condition 'g'." The evidence would support a finding that appellant did, in fact, fail to remain in Jefferson County since he was apprehended in St. Charles Parish, State of Louisiana.

But the evidence does not support the implied finding that appellant was required, by the amended probation order, to remain in Jefferson County. Proof that appellant did not remain in Georgia, as required by the amended order, did not authorize revocation upon a motion charging that he violated the conditions of his probation by not remaining in Texas.

It has long been the rule that a probationer is entitled to the rudiments of due process at a revocation hearing, one of which is "a written motion to revoke that fully informs him of the violation of a term of probation which he is alleged to have breached." *Caddell v. State,* 605 S.W.2d 275, 277 (Tex.Cr.App.1980), and authorities therein cited. Other authorities cited in *Caddell,* supra, support the well-established rule that probation may not be revoked upon a finding of any violation of any probationary condition other than that alleged or necessarily included within the allegations contained in the State's motion to revoke.

The order revoking probation is not based on a condition of probation as modified. *Grommes v. State,* 589 S.W.2d 461 (Tex.Cr.App.1979). The first two grounds of error have merit and are sustained. However, this holding, standing alone, will not compel a reversal unless the other allegation found to be true by the trial court will not support the trial court's order. *Jones v. State,* 478 S.W.2d 937, 939 (Tex.Cr. App.1972).

We turn now to appellant's fourth challenge to the revocation wherein he contends that it was an abuse of discretion to revoke probation because of failure to make the payments required under Condition "h" of

ordered to report to Georgia Probation Authori-

the probation order. Four separate payments were required by this condition: the fine of one thousand dollars, the court costs, appointed attorney's fees, and probation fees. The monthly payments were fixed at forty dollars which would have satisfied appellant's financial obligations for the four items.

We do not find it necessary to determine the validity of the assessment of the fine as a condition of probation since there are three other elements of the paragraph of the order the validity of which are not questioned by appellant. In considering this ground, we recognize the rule that proof of any one of several alleged violations of the order of probation is sufficient to support the order revoking probation. *Moses v. State,* 590 S.W.2d 469, 470 (Tex.Cr. App.1979). We overrule the fourth ground of error.

We turn now to the third ground wherein he contends that he affirmatively showed that he was not financially able to pay the amounts of money required by the order.

Inability of a probationer to pay as ordered is an affirmative defense to revocation of probation. *Art. 42.12, § 8(c), V.A.C.C.P.; Jones v. State,* 589 S.W.2d 419, 420 (Tex.Cr.App.1979). In considering this complaint, we are required to view the evidence in a light most favorable to the trial court's finding. *Fernandez v. State,* 564 S.W.2d 771 (Tex.Cr.App.1978).

State's counsel makes no reply to the factual statements contained in appellant's brief and has not joined issue on this ground of error presented by appellant. We do not approve of this tactic which shifts to this Court the duty of considering the ground of error without effective assistance of State's counsel.

*Tex.Cr.App.R. 211* is applicable to the situation now confronting this Court. The Rule reads:

"Where not inconsistent with the Code of Criminal Procedure and these rules, as they now exist or may hereafter exist,

ties as directed...."

the Rules of Civil Procedure shall govern proceedings in the courts of appeals in criminal cases."

■ One of the Rules of Civil Procedure which we now hold applicable to appeals in criminal cases is *Tex.R.Civ.P. 419*, reading:

"Any statements made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party."

This civil rule has been applied in many cases. See, e.g., *Crawford v. Modos*, 465 S.W.2d 220, 222 (Tex.Civ.App.—Beaumont 1971, writ dism'd), and cases therein cited.

While we are authorized to utilize *Civil Rule 419* to control the proceedings in this case, we have made an independent examination of the record and find that the testimony noted by appellant was that given by appellant's witness, Cornelia Sue Pymm. Appellant's own testimony does not corroborate or support that given by Mrs. Pymm.

■ Notwithstanding the failure of State's counsel to reply to appellant's factual statements, we do not find that the uncontroverted evidence established appellant's inability to make the financial payments required by the probation order. We find no abuse of discretion and overrule ground four.

The judgment of the trial court is affirmed.