**Hampton Carroll ROBINSON III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. C14–84–383CR, A14–84–384CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 3, 1985.

Rehearing Denied Jan. 31, 1985.

Frank Briscoe, Houston, for appellant.

Karen Zellars, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

These are appeals from orders revoking probation.

The appellant alleges in six grounds of error that the trial court abused its discretion in revoking his probation based on evidence that he violated terms as set forth in the amended Conditions of Probation. He also challenges the sufficiency of evidence to support revocation and alleges the trial court erred in failing to make Findings of Fact and Conclusions of Law as requested. We find no error and affirm.

The appellant pled guilty on January 10, 1984, to two indictments charging him with possession of a controlled substance. The trial court assessed punishment at ten years' confinement in the Texas Department of Corrections. The imposition of sentence was suspended and appellant was placed on ten years' probation with a $1,000 fine. The terms of probation were amended on February 7, 1984, and again on March 9, 1984. Both amendments bear appellant's signature. The March 9, 1984, terms, among others, required appellant to:

1) commit no offense against the laws of the states;

2) report to the Harris County Adult Probation Department on March 15, 1984, and thereafter to his probation officer twice a month;

3) remain within Harris County; and

4) pay a $15.00 supervisory fee to the Harris County Adult Probation Department monthly beginning April 9, 1984.

The state filed a Motion to Revoke Probation on April 12, 1984, and a First Amended Motion to Revoke Probation on May 22, 1984. The amended motion alleged the appellant violated all four conditions listed above. However, the state dropped the first allegation and presented evidence of violation of conditions two through four. The trial court revoked appellant's probation on grounds that he failed to report to the probation officer on March 15, 1984, failed to remain within Harris County, and failed to pay the supervisory fee.

The central issue on appeal is whether the appellant received proper notice as to which order he is alleged to have violated. The appellant argues (1) that the state's First Amended Motion to Revoke Probation does not identify the March 9, 1984, amended order as the one whose terms he violated, and therefore only the original order and its terms can serve as the basis for revocation; and (2) since the original order does not contain the requirements that appellant report to the probation officer on March 15, 1984, and pay a monthly supervisory fee, there is an inherent inconsistency, and therefore, appellant has no notice of which order he is alleged to have violated. This argument is persuasive but is unsupported.

■ The court having jurisdiction of the case may alter or modify the conditions of probation at any time, provided the probationer is supplied a copy of the terms. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 6 (Vernon Supp.1984). An order revoking probation must be based on a condition as modified. *Grommes v. State*, 589 S.W.2d 461 (Tex.Crim.App.1979). The motion to revoke must fully inform the probationer of the violation of the terms which he is alleged to have breached. *Caddell v. State*, 605 S.W.2d 275 (Tex.Crim.App.1980).

■ Contrary to the appellant's interpretation, the motion's reference to January 10, 1984, is to the date of conviction, not the date of the Conditions of Probation. The record reflects that while the First Amended Motion to Revoke Probation does not identify per se the order on which the motion is based, it does list the terms alleged to have been violated. The last amended Conditions of Probation filed on March 9, 1984, clearly lists the terms relied upon in the Motion to Revoke Probation. The record reflects that the appellant signed this order and received a copy of the amended terms and conditions as required under art. 42.12. *Burgess v. State*, 628 S.W.2d 116 (Tex.App.—Beaumont 1981, no pet.), cited by appellant, is distinguishable. In *Burgess* the Motion to Revoke Probation alleged the probationer failed to remain in Jefferson County, a condition of the original order but not the amended order, the amended order requiring the probationer to remain in Georgia. The court held that revocation could not be based on proof that the probationer failed to remain in either Jefferson County or Georgia because the amended orders did not require the probationer to remain in Jefferson County, and the Motion to Revoke did not allege he failed to remain in Georgia. Thus probation may not be revoked upon a finding of a violation of a condition of probation except as alleged in the Motion to Revoke. *Id.* at 118. Here the state alleged and proved violations of the terms in the amended order.

■ While we acknowledge the strict pleading notice requirements in other proceedings which seek to divest an individual of freedom, *e.g.* commitment on contempt orders, there is no requirement that a Motion to Revoke Probation specify which *order* has been violated as long as the probationer is fully informed as to which *terms* of probation he is alleged to have violated. The appellant clearly had this notice. Appellant's first three grounds of error are overruled.

■ Appellant argues in his sixth ground of error that the trial court erred in failing to make specific Findings of Fact and Conclusions of Law as requested. The record reflects that the trial court made findings at the Hearing on Motion to Revoke Probation which were sufficient to inform the appellant as to the grounds for

revocation. *See Ford v. State*, 488 S.W.2d 793 (Tex.Crim.App.1972). The sixth ground of error is overruled.

 It is undisputed that the appellant failed to report to the probation officer on March 15, 1984, and to pay the monthly $15.00 supervisory fee. It is unnecessary to consider appellant's remaining grounds of error since proof of any single alleged violation of a condition of probation is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924 (Tex.Crim.App.1980).

The appellant's grounds of error are overruled and the revocation of probation is affirmed.