Justin Hughes ROBINSON, Appellant,

v.

STATE of Texas, Appellee.

Nos. C14–84–284–CR, C14–84–285–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 7, 1985.
Rehearing Denied Feb. 28, 1985.

Frank Briscoe, Briscoe & Powell, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

Appeals are taken from orders revoking probation. On November 10, 1982, appellant entered pleas of guilty to two separate charges that he possessed a controlled substance, cocaine. The court found him guilty and granted probationary sentences of ten years and two years. After a hearing on April 13, 1984, the court found that appellant had committed an offense against the laws of Louisiana and revoked probation in both cases.

Since most of the grounds of error concern in one way or another the wording of the motions to revoke probation, the language of the motions is quoted here:

The State would further show that the said Defendant did then and there violate terms and conditions of his probation by: committing an offense against the state of Louisiana: On or about December 23, 1983, in Caddo Parish, Louisiana, the Defendant did then and there unlawfully commit the offense of Attempting to obtain a controlled dangerous substance by fraud in that he violated R.S. 40:971B in that he did knowingly and intentionally on or about December 23, 1983 attempt to obtain a Schedule II controlled dangerous substance, to-wit: Percodan, Oxycodone, by fraud, deceit, misrepresentation, subterfuge, and forgery, by forging the name of Dr. Mullen and giving a false name and address, to-wit: Pam Wilson, and uttering and presenting said false and forged prescription to Emily Gray, a registered pharmacist.

The Louisiana statute cited in the allegations provides in part that it shall be unlawful for any person knowingly or intentionally "to acquire or obtain possession of a controlled dangerous substance by misrepresentation, fraud, forgery, deception or subterfuge." La.Rev.Stat.Ann. § 40:971(B)(1)(b) (West 1977).

■ In his first ground of error appellant contends that the state did not prove that appellant committed an offense in Louisiana because the state failed to offer into evidence any Louisiana law that makes it a crime to *attempt* to obtain a controlled dangerous substance through fraud or misrepresentation. The only statutes offered into evidence were Section 40.971, quoted above, and other Louisiana statutes containing the schedules of controlled dangerous substances.

■ The Court of Criminal Appeals has held that an appellate court need not look solely to the record for "evidence of statutory provisions in the law of a sister state." *Ex parte Mason*, 656 S.W.2d 470, 471 (Tex. Crim.App.1983) (en banc). The *Mason* decision concerned an extradition proceeding. The Court of Criminal Appeals held that it was competent to ascertain whether a complaint was sufficient as a charging instrument under the laws of the sister state. *Id.* We see no reason why this appellate court reviewing an order revoking probation is any less competent to ascertain whether attempt to commit a crime is an offense against the laws of Louisiana.

Section 14:27(A) of the Louisiana statutes provides:

> Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended ...

La.Rev.Stat.Ann. § 14:27 (West 1974). Another statute sets out the penalty to be assessed when a defendant is convicted of attempt to commit an offense listed in the Controlled Dangerous Substances Act. *See* La.Rev.Stat.Ann. § 40:979 (West 1977). Attempting to obtain a controlled dangerous substance by fraud is an offense against the laws of Louisiana. The trial court committed no reversible error in so finding. The first ground of error is overruled.

■ In his second ground of error appellant complains that the motions to revoke probation were based on void orders set-ting conditions of probation because the conditions were amended in later orders. Appellant misreads the motions to revoke. The motions recite that the appellant was convicted on November 10, 1982, not that he violated conditions of probation imposed on that date. The appellant was fully informed as to which terms of probation he is alleged to have violated. *Robinson v. State*, 686 S.W.2d 326 (Tex.App.—Houston [14th Dist.] 1985). The second ground of error is overruled.

■ The third ground of error is related to the first. Appellant complains that the motions to revoke probation failed to give him adequate notice of what statutes he violated because no attempt statute was included in the allegation. We note that appellant did not complain of this allegedly inadequate notice in his written motions to quash. He did make vague objections to the adequacy of the motions when he objected to the state's offer of certain Louisiana statutes not listed in the motion to revoke. (See discussion of ground of error seven).

Assuming that the ground of error is not waived, we hold that the notice in the motions was adequate. The motions clearly state that the offense alleged is attempt to obtain a controlled dangerous substance by fraud and give the date and location of the alleged offense. The fact that the state provided one citation to a specific statute but not others is insignificant. Ground of error three is overruled.

■ Appellant's fourth and fifth grounds of error are related and will be discussed together. They concern the fact that the motions to revoke probation alleged that the prescription contained a forgery of the signature of "Dr. Mullen" when the prescription was actually signed "A.J. Mullen" with "M.D." printed after the signature. Appellant's fourth ground of error is that the motions to revoke probation were "faulty" because of the variance. The fifth ground of error is that the trial court should have excluded the prescription because of the variance.

■ A charging instrument alleging the offense of obtaining a controlled substance through fraud need not contain the purport and tenor clauses required in a forgery indictment. *Ex parte Holbrook*, 609 S.W.2d 541, 544 (Tex.Crim.App.1980) (en banc). "Since the tenor of the prescription is of no consequence in alleging the offense, we may regard it as surplusage which the State was not bound to prove." *Harrell v. State*, 643 S.W.2d 686, 689 (Tex. Crim.App.1982). The fourth and fifth grounds of error are overruled.

■ In his sixth ground of error appellant contends that the trial court erred in admitting into evidence testimony that the alleged forged prescription was presented to a prescription clerk and not to the registered pharmacist Emily Gray, as alleged. The fact that the drug clerk acted as intermediary is of no legal significance. *Harrell v. State. Id.* at 689. Ground of error six is overruled.

■ In his seventh ground of error appellant argues that the trial court should not have admitted into evidence Louisiana statutes not specifically listed in the motions to revoke probation. He claims the trial court's actions in effect permitted revocation of probation on the finding of a violation of law other than those included within the allegations in the motion to revoke. The statutes admitted were relevant and necessary to establish that the prescription presented by appellant was for a controlled dangerous substance. The state was not required to list in its motions to revoke each and every Louisiana statute involved in proving the offense. Ground of error seven is overruled.

■ In his last ground of error the appellant complains that the trial court failed to provide findings of fact and conclusions of law in response to appellant's written and filed requests. The orders revoking probation contain findings and conclusions adequate to explain to appellant why his probation was revoked. The last ground of error is overruled.

Finding no abuse of discretion, the orders revoking probation are affirmed.