IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-381-CR




CHARLES P. NIX,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 9725, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING


 





PER CURIAM

 This is an appeal from an order of the district court revoking appellant's probation. 
Appellant's underlying conviction is for burglary of a habitation. Tex. Penal Code Ann. § 30.02
(West 1989). The punishment is imprisonment for ten years and a $1000 fine.

 Appellant was convicted of this offense in December 1987 and placed on probation
for ten years. In March 1991, this probation was revoked, sentence was imposed, and appellant
was placed in a special alternative incarceration program. In September 1991, further imposition
of sentence was suspended and appellant was returned to probation. In May 1993, the State
moved to revoke appellant's probation and, after a hearing, the motion was granted and sentence
was again imposed. This appeal followed.

 In his only point of error, appellant contends there is a material variance between
the motion to revoke and the evidence adduced at the hearing. Specifically, appellant urges that
the motion alleged that appellant violated the terms of his 1987 probation, while the evidence
shows that the probationary conditions in force at the time the motion was filed were those
imposed in 1991. Appellant does not otherwise challenge the sufficiency of the evidence.

 A motion to revoke probation is sufficient if it gives fair notice of the conditions
allegedly violated. LaBelle v. State, 692 S.W.2d 102, 105 n.2 (Tex. Crim. App. 1985); Garner
v. State, 545 S.W.2d 178 (Tex. Crim. App. 1977). A motion to revoke need not specify the date
of the order violated. Robinson v. State, 686 S.W.2d 326, 328 (Tex. App.--Houston [14th Dist.]
1985, no pet.). In this cause, the State's motion to revoke probation alleged the date of conviction
but, contrary to appellant's contention, it did not specify the date of the probation order allegedly
violated. The motion did specify the conditions of probation alleged to have been violated. They
correspond to the conditions of probation imposed in September 1991. 

 The motion to revoke gave appellant adequate notice of the violations he would be
called upon to answer. There was no variance between the pleading and the proof. The point of
error is overruled.

 The order revoking probation is affirmed.


Before Justices Powers, Aboussie and Jones; Justice Powers not participating

Affirmed

Filed: June 15, 1994

Do Not Publish