# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00141-CR

**Charley W. Kuykendall, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF SAN SABA COUNTY
### NO. 6,398, HONORABLE HARLEN D. BARKER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Charley W. Kuykendall appeals from the revocation of his community supervision probation for driving while intoxicated (DWI). *See* Tex. Pen. Code Ann. § 49.04 (West 2003); Tex. Code Crim. Proc. Ann. § 42.12 (West 2003). He contends that, because the State's motion to revoke alleged that he was arrested and charged with a subsequent DWI, but did not allege that he actually drove while intoxicated, it was insufficient to revoke his probation. On appeal, Kuykendall argues that the trial court erred in (1) denying his motion to quash and (2) admitting evidence at the revocation hearing that was not contained in the motion to revoke. We will affirm the revocation order.

## BACKGROUND

On August 20, 2001, Kuykendall was sentenced to ninety days' confinement in the San Saba County jail and fined $1,000 following a jury conviction for driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West 2003). The county court suspended Kuykendall's jail sentence and placed him on probation for one year. *See* Tex. Code Crim. Proc. Ann. § 42.12 (West 2003). Among the conditions of that probation were that Kuykendall should:

1.  Commit no offense against the laws of this State or of any other State or of the United States.

2.  Avoid injurious or vicious habits, including the use of narcotic or habit forming drugs and alcoholic beverages.

    . . . [and]

13.  Drink no alcoholic beverages during probationary period.

Kuykendall was involved in an automobile accident on December 3, 2001, in Llano, Texas. The responding officer observed that Kuykendall staggered as he walked, slurred his speech, and had bloodshot eyes. The officer also smelled a strong odor of an alcoholic beverage on or about Kuykendall's person. Based on these observations, the officer arrested Kuykendall for driving while intoxicated.

Kuykendall refused to submit to a field sobriety test or an intoxilyzer test. Upon arrival at the Llano County jail, the processing officer noticed that Kuykendall was having difficulty retaining his balance, that his eyes were bloodshot, and that his face was flushed. The officer also

smelled alcohol on Kuykendall. During the booking procedure, Kuykendall asked the processing officer, "Why don't you just charge me for PI [public intoxication]?"

Based on these events, the State moved to revoke Kuykendall's probation on December 17, 2001. *See* Tex. Code Crim. Proc. Ann. § 42.12 (West 2003). At a subsequent hearing, the county court granted the motion. On appeal, this Court reversed and remanded the cause because no record was made of the hearing. *Kuykendall v. State*, No. 03-02-00148-CR, 2002 Tex. App. LEXIS 6321 (Tex. App.—Austin Aug. 30, 2002, no pet.) (not designated for publication). The State then filed an amended motion to revoke Kuykendall's probation. At a second hearing on November 25, 2002, Kuykendall's motion to quash was denied and his probation was revoked.

Kuykendall raises two issues on this appeal. First, Kuykendall argues that the county court erred in denying his motion to quash the State's first amended motion to revoke probation. Second, Kuykendall contends that the county court abused its discretion in revoking his probation by basing its ruling on evidence not alleged in the motion to revoke.

**DISCUSSION**

The State's first amended motion to revoke alleges that Kuykendall violated the conditions of his probation because he was "arrested for and charged with the offense of driving while intoxicated in the city of Llano, Llano County, Texas," on December 3, 2001. Kuykendall's motion to quash asserted that, although driving while intoxicated would violate his probation, *being arrested for and charged with* DWI does not. He now argues that his probation could not be revoked because the State's motion failed to specifically allege that Kuykendall actually *committed* the offense of DWI.

3

We reject Kuykendall's argument. A motion to revoke is only required to give the defendant fair notice of the violation asserted in order to comport with minimum due process requirements. *Labelle v. State*, 720 S.W.2d 101, 108 (Tex. Crim. App. 1986). The notice must be such as would enable the defendant to prepare a defense. *Id*. To determine whether the motion to revoke provided the necessary notice, we are first required to decide whether some requisite item of notice was absent. *Id*. If we find that an item of notice was absent, we must determine whether, in context of the case at issue, the absence of such item impacted the defendant's ability to prepare a defense and the extent of such impact. *Id*.

In *Labelle*, Labelle's probation was revoked for destroying a government document in violation of the law. *Id*. at 103. Labelle moved to quash the State's motion to revoke because it did not specify the law he allegedly violated or the government document he allegedly destroyed. *Id*. In affirming the revocation of Labelle's probation, the court of criminal appeals held that the motion to revoke did lack requisite items of notice, but that the absence of those items did not impact Labelle's ability to prepare his defense. *Id*. at 109.

In our case, the State's first amended motion to revoke was sufficient to give Kuykendall notice that enabled him to prepare his defense for the revocation hearing. The State's motion informed Kuykendall, by specific number, of the conditions of his probation that he had allegedly violated. It informed him of the time and place that these alleged violations took place. Although the motion to revoke did not specifically allege that Kuykendall had actually driven under the influence of alcohol, it did state that Kuykendall violated his probation because he was arrested for DWI. The State thus put Kuykendall on notice that at his hearing it would attempt to prove that

4

Kuykendall actually drove under the influence of alcohol, conduct that would constitute the offense of DWI and violate condition one of his probation. Furthermore, the State's motion to revoke was sufficient to give Kuykendall notice that the State would attempt to show that he violated conditions two and thirteen of his probation by drinking an alcoholic beverage. Armed with this knowledge, Kuykendall had adequate warning to prepare his defense.[1] In addition, Kuykendall failed to show how any possible lack of notice impacted his ability to prepare his defense. We overrule Kuykendall's first issue.

Kuykendall also asserts that the county court abused its discretion by revoking his probation on grounds not alleged in the petition. Whereas the motion to revoke alleged that Kuykendall was arrested for and charged with DWI, the county court revoked Kuykendall's probation based on evidence that Kuykendall actually *committed* the offense of DWI. We review the trial court's revocation of probation for abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984) (citing *Caddell v. State*, 605 S.W.2d 275 (Tex. Crim. App. 1980)). In determining whether the trial court abused its discretion, we view the evidence presented at the hearing in the light most favorable to the trial court's finding. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.).

---

[1] The State provided Kuykendall further notice on December 17, 2001, by filing a notice to show cause. It alleged that Kuykendall "failed to avoid injurious or vicious habits, including the use of a narcotic or habit forming drugs and alcoholic beverages, as directed by the court, in violation of condition two (2) of the terms and conditions of [his] probation" and that he "failed to comply that [he] drink no alcoholic beverages during [his] probation period, in violation of condition thirteen (13) of the terms and conditions of [his] probation."

Because Kuykendall received fair notice of the violation asserted in the order, the county court did not abuse its discretion by hearing evidence that Kuykendall did in fact drive under the influence of alcohol. *See Robinson v. State*, 686 S.W.2d 323, 325 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd) (finding no abuse of discretion when trial court revoked probation based on statutes that were not listed in motion to revoke); *see also Matte v. State*, 572 S.W.2d 547, 548 (Tex. Crim. App. 1978) (noting that allegations in motion to revoke need not be alleged with same particularity required in indictment); *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974) (same). At Kuykendall's hearing, the arresting officer and the processing officer both testified that he staggered as he walked, had bloodshot eyes, and that he smelled of alcohol. Viewed in the light most favorable to the county court's finding, the evidence is sufficient to show that Kuykendall violated his probation. We overrule Kuykendall's second issue.

We affirm the revocation order.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: October 9, 2003

Do Not Publish

6