**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Billy Ray DILLON, Defendant-Appellant.
No. 30633.**

United States Court of Appeals,
Fifth Circuit.
July 2, 1971.

---

W. F. Leigh, Pecos, Tex., court appointed, for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before AINSWORTH, INGRAHAM and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

Billy Ray Dillon appeals his conviction for violation of the Dyer Act, 18 U.S.C. § 2312, in that he transported a 1960 Cadillac from Missouri to Texas, with knowledge that the vehicle had been stolen. He contends that the evidence was insufficient to support a conviction, that the trial court's denial of his right to have a material witness subpoenaed was prejudicial error, and that the court's charge deprived the jury of its traditional fact-finding function. We conclude that the district judge's final instructions to the jury exceeded the limits of fair comment, and that he practically directed a verdict of guilty against appellant. Accordingly, we reverse and remand for a new trial.

■ Dillon testified that he had purchased the vehicle in question from a white man. A rebuttal witness for the Government, Agent Galbraith of the Federal Bureau of Investigation, impeached Dillon's testimony by stating that Dillon had told him that the purchase was made from a Negro. The Government introduced convincing evidence to show that the vehicle had been stolen and had been transported in interstate commerce. The trial judge, however, withdrew from the jury's consideration both of these elements necessary under the statute for proof of guilt by remarking that theft and the interstate transportation of the vehicle had been proved, and by repetitious comments that the only issue remaining for the jury's consideration was the veracity of the witnesses relative to defendant's knowledge of the theft. Having thus narrowed the jury's role to a credibility determination, the trial judge then effectively removed any remaining vestige of doubt by outlining the reasons why the jurors should accept the Agent's testimony and reject that of defendant. He charged the jury in pertinent part as follows:

"[Y]ou may also consider the explanation that he [the defendant] gave to Mr. Galbraith in the jail here which is contradicted by what he says today in front of you as to his credibility and whether or not you accept any of his testimony. *Certainly, there's no reason why Mr. Galbraith, a member of the FBI, would—nothing shown here as to*

*why he would make any misstatement as to what this man told him.* And in that statement, of course his first statement to him was that it was a Negro man that sold him the car, which now he contradicts. Well, that's something for you to consider as to whether or not anything that he says is worthy of belief.

"Certainly, if you accept the evidence that's offered here by the Government, *and there's nothing shown here as to why this witness offered by the Government would get up here and make a misstatement* to you or for any reason have anything against this Defendant that would cause him to make a misstatement about what the evidence is or what transpired, *of course the interest of the Defendant is obvious,* and also his background would justify you in not believing anything that he said because of what he has done in the past, *and if you do accept the testimony of these witnesses for the Government, the Government has proved beyond a reasonable doubt this Defendant's guilt in this case.*

\* \* \* \* \* \*

"We know it was a stolen motor vehicle. There is no dispute about that. Mr. Swink testified here and has a certificate of title which is undisputed as being his car. So it was stolen. The act or acts of transporting in interstate commerce a stolen motor vehicle is undisputed because it was transported from Missouri to Texas. And the thing is whether or not this was done wilfully and with knowledge that it had been stolen. In other words, did this Defendant know that this car was stolen? *And that is actually the only question that you have to pass upon.*

"In that connection you are instructed that the possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance which the jury may reasonably draw the inference and find in the light of the surrounding circumstances shown by the evidence that the person in possession knew the property had been stolen. So you must determine whether or not you accept this explanation, whether or not this explanation of the Defendant is credible. And in that connection bear in mind the previous conviction of a felony, and especially an offense of this kind, the Dyer Act, involving the same kind of offense, and likewise the fact that he has made two different statements, that is, if you accept the testimony of the Government's witness, Mr. Galbraith, that his first statement was that one person sold it to him, and the other was that another person sold it to him.

*"That just about covers what you have to decide in this case, the credibility.* If you accept the witnesses for the Government, the inferences drawn from it—*and there's nothing, as I said in this record, that indicates in any way as to why those people would testify to something that wasn't true. There is much in the testimony as to why this Defendant would testify to matters that are not true.* But as I said, I don't want you to feel that I, anything that I say would deprive you of your right to pass on this. You determine what the facts are. You determine what the credibility of the witnesses is and you determine whether this man is guilty or innocent." (Emphasis supplied.)[1]

As we said in United States v. Garza, 5 Cir., 1970, 426 F.2d 949, 954, "The effect of these repeated instructions of the court was that the jury's verdict should be based entirely upon whether the jurors believed the testimony of the defendants or the testimony of the Government witnesses. *Under such instruc-*

[1.] Counsel for appellant made no objections at the trial level to the instructions. In argument on appeal counsel for both parties indicated that it was their recollection that the court did not afford defense counsel the opportunity to object out of the presence of the jury. See Rule 30, Fed.R.Crim.P. It is unnecessary to determine whether appellant's counsel should have pursued his client's right with more vigor, inasmuch as we consider the court's instructions to amount to plain error. Fed.R.Crim.P., Rule 52(b).

*tions, the outcome was almost inevitable."* (Emphasis supplied.) Nor was the prejudicial effect of the charge cured by the court instructing the jury that assessment of credibility of the witnesses was their exclusive function. See United States v. Dopf, 5 Cir., 1970, 434 F.2d 205, 208.

In *Garza* and *Dopf*, we reversed and remanded judgments of conviction because of the impropriety of the court's instructions. The instructions in both cases were substantially identical to those given here.[2] *Garza, Dopf* and the present case emanate from convictions obtained under the same trial judge. In fairness to the trial judge, we point out that *Dopf* and the present case were tried prior to our decision remanding *Garza,* the first of the trilogy. In remanding the present case we again, as in *Dopf,* disclaim any intention to erode the acknowledged rights of a trial judge to assist the jury in reaching a just result.[3] However, we conclude that the court exceeded those rights and that the charge, viewed in its totality, was tantamount to a directed verdict of guilt.

 We find no error in the court's denial of defendant's application to subpoena Deputy Sheriff Petit of Springfield, Missouri, together with his record of appellant's arrest at Springfield.

The application was based on alleged expectations that the Deputy Sheriff would testify that the car in which appellant was arrested in Missouri on February 6, 1970 was the same car in which he was arrested in Texas on March 7, 1970, and that at the time of the Missouri arrest the witness checked the ownership of the vehicle and ascertained it had not been reported stolen and was therefore in the lawful control and custody of appellant. Appellant contends that such testimony should have convinced a jury of his lack of knowledge that the vehicle had been stolen.

The requirement that a court subpoena a witness for a defendant financially unable to pay witness fees is contingent upon a showing "that the presence of the witness is necessary to an adequate defense." Rule 17(b), Fed.R.Crim.P. Granting the application for such a subpoena is within the discretion of the trial court. Rule 17(b), Fed.R.Crim.P. Under the circumstances we do not think the court abused its discretion.

Our remand of the case obviates the necessity of discussing appellant's contention relative to the insufficiency of the evidence.

Reversed and remanded for a new trial.

---

2. See United States v. Garza, 5 Cir., 1970, 426 F.2d 949, 954; United States v. Dopf, 5 Cir., 1970, 434 F.2d 205, 207.

3. In *Dopf,* we said: "The trial judge has, of course, the right to analyze and comment on the evidence and to direct and assist the jury whenever he considers it necessary in reaching a just result. [Citations omitted.] His role is not limited to that of moderator or umpire. Nor is he a 'mere automatic oracle of the law, but a living participant in the trial, and so far as the limitations of his position permit should see that justice is done.' [Citations omitted.] '[He] is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law.' But this privilege to comment on the facts has its inherent limitations. His discretion is not arbitrary and uncontrolled, but judicial, to be exercised in conformity with the standards governing the judicial office. In commenting upon testimony he may not assume the role of a witness. He may analyze and dissect the evidence, but he may not either distort it or add to it. His privilege of comment in order to give appropriate assistance to the jury is too important to be left without safegards against abuses. The influence of the trial judge on the jury "is necessarily and properly of great weight" and "his lightest word or intimation is received with deference, and may prove controlling".'" [Citation omitted.] 434 F.2d at 209.