Dorothy MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 47043.

Court of Criminal Appeals of Texas.

March 6, 1974.

L. Royce Coleman, Jr., Denton, for appellant.

John Lawhon, County Atty., Phillip O. Vick and Hardy Burke, III, Asst. County Attys., Denton, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of fraudulently obtaining welfare funds as denounced by Article 695c Section 34, Vernon's Ann.Civ.St. The court assessed punishment at six months in jail and a fine of $100.00.

The information alleges that on the 3rd day of March, 1972, the appellant did

". . . willfully obtain assistance and services greater than that to which she was justly entitled by means of a

willfully false statement and representation, to-wit: that the said defendant was not employed when in fact, said defendant was then and there employed by the Villa Capri Motel-Restaurant and defendant did by such false representation obtain assistance from the Texas Department of Public Welfare above the amount to which she would otherwise have been entitled; . . ."

Appellant initially contends that there is a fatal variance between the allegation in the information and the proof.

■ She contends that the proof shows that she was employed by the Capri Corporation, but not the Villa Capri Motel-Restaurant. The appellant recognizes the rule that, if not descriptive of that which is legally essential to the validity of the information, unnecessary words or allegations may be rejected as surplusage. 1 Branch's Ann.P.C., Section 518, page 497, and cases cited therein.

It is not necessary to the disposition of this case to determine if the allegation is surplusage or a descriptive averment. Even if the allegation that she worked for the Villa Capri Motel-Restaurant could be classed a descriptive averment, it was proved.

■ Brad Connell, the desk clerk who also had limited payroll duties at the Villa Capri Motel, testified that, while the payroll checks had "Capri Corporation" imprinted on them, the appellant was employed by the Villa Capri Motel. The Capri Corporation had leased the restaurant to a Mr. Mack, but the trade name that the complex was known by in the community was Villa Capri Motel. Appellant, herself, testified that she worked for the "Villa Capri." Although not exactly in point, but analogous, McClendon v. State (No. 47,-376, February 27, 1974), holds that where the name of an injured party in an indictment is proved to be different from that alleged, no reversible error is shown where the proof shows that the injured party was also known by the name alleged. See Johnson v. State, 126 Tex.Cr.R. 356, 71 S.W.2d 280; 1 Branch's Ann.P.C.2d, Section 480. There is no variance between the allegation and the proof. We hold that the trial court did not err in overruling appellant's motion for an instructed verdict.

■ Next, the appellant contends that Section 34 of Article 695c, V.A.C.S., is void because of vagueness, therefore, it is violative of due process and equal protection. We disagree.

In part, the statute provides:

"Sec. 34. Whoever obtains, or attempts to obtain, or aids or abets any person to obtain, by means of a wilfully false statement or representation or by impersonation, or by other fraudulent means:

"(1) Assistance, services, or treatment to which he is not entitled;

"(2) Assistance, services, or treatment greater than that to which he is justly entitled;

"(3) Or, with intent to defraud, aids or abets in buying, or in any way disposing of the property of a recipient of assistance without the consent of the State Department, or whoever violates Section 32 or Section 33 of this Act, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined any sum not more than One Hundred Dollars ($100) or be imprisoned for not less than six (6) months, nor more than two (2) years, or be both so fined and imprisoned."

The statute is not vague. It provides that one who fraudulently receives assistance, or greater assistance than that to which he is entitled, commits an offense. Men of common intelligence are not required to guess at its meaning and differ as to its application. See Connally v. General Construction Company, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322.

In her third ground of error, the appellant contends that the trial court commented on the evidence and that such comment amounted to an erroneous and misleading oral charge.

The complained of remarks are set out below:

"THE COURT:' What day are you speaking of, what time? Is it '71 or '72?

"A.  That's October 29, of '71.

"MR. COLEMAN: She's not charged with any offense on that day.

"MR. VICK: Your Honor, I'll object to that.  She is, too.

"MR. COLEMAN: On October of '71, she's charged with an offense?

"MR. VICK: Your Honor, I believe counsel is discussing a matter of law that shouldn't be discussed in front of the jury.

"THE COURT: Well, I think the jury ought to be apprised of the law.  In the complaint and information, it says: 'On or about March 3, 1972, the defendant did * * *' something, and under the rules of law, that means prior to the time the information was filed on July 19, of '72, and within two years before that date, so the exactness of March the 3rd is not really controlling.

It means within two years prior to July 19, 1972, and·March the 3rd is alleged to show that it was within two years, and the words, 'on or about' mean within two years prior to the time this was filed, and the State had said 'on or about March 3rd,' so the complaint is good if it is proved within two years prior to July the 19th.

"MR. COLEMAN: I certainly disagree . with that.

"THE COURT: That's the law."

In order for a remark by the court to constitute reversible error, some benefit to the State or injury to the defendant must be found.  Brookins v. State, Tex.Cr.App., 499 S.W.2d 320.  This was a statement of the law and not a comment on the weight of the evidence.  A statement such as this has been given in written charges to the jury and has been held to be proper.  Nees v. State, Tex.Cr.App., 402 S.W.2d 186.

Appellant also contends that the evidence is insufficient to support the verdict.

On August 23, 1971, the appellant filled out a periodic review form in the office of Mrs. Rita Blanchard, an employee of the State Department of Public Welfare whose particular area of responsibility was with aid to families with dependent children. She further testified that she assisted the appellant in completing the review form. On August 30, 1971, the appellant brought in pay slips relative to her employment at the Villa Capri and her income was again computed and certain changes made on her review form.  A letter was then sent to her stating that based on the income she was now receiving from her employment her benefits were to be lowered and that she had fifteen days to appeal from this decision.  Mrs. Blanchard also related that at all such interviews, the form in its entirety was explained including the requirement to report any change in income.

Mrs. Blanchard then related that on September 2, 1971, the appellant again came to her office at which time the appellant stated that she preferred to quit her job rather than have her grant lowered.  On the basis of her statement the grant was not lowered.

The record then shows that on March 16, 1972, the appellant again completed her periodic review at which time she stated on the form that she was not working nor were any members of her family working.

We hold the evidence is sufficient.

Finally, the appellant contends that the trial court erred in denying her the right to file an amended motion for new trial. No motion was timely filed. No error is shown.

The judgment is affirmed.