**Stafford L. & Doris JONES, Appellant,**

v.

**AMERICAN ECONOMY INSURANCE CO., Appellee.**

No. 05–83–00204–CV.

Court of Appeals of Texas,
Dallas.

May 30, 1984.

Richard B. Tanner, Plano, for appellant.

Henry Stollenwerck, Dallas, for appellee.

Before CARVER, GUILLOT and STEWART, JJ.

STEWART, Justice.

This is a suit to recover under a Texas standard homeowner's insurance policy. The questions presented are whether losses caused by a squirrel are excluded from coverage when the policy excludes losses caused by "vermin" and whether the trial court erred in finding that the insureds, Stafford and Doris Jones, failed to prove their damages. We hold that losses caused by a squirrel are not excluded from coverage under the policy. We also hold that the Joneses brought forward sufficient evidence of their damages. Consequently, we reverse the trial court's judgment and render judgment for the Joneses.

The Joneses sued American Economy Insurance Company to recover under their homeowner's policy for the damage caused by a squirrel when it got into their house. The trial court concluded as a matter of law that a squirrel is a "vermin" as that term is used in the exclusionary clause of the policy. The pertinent language of the exclusion in question is as follows:

i. Loss caused by inherent vice, wear and tear, deterioration; rust, rot, mold or other fungi; dampness of atmosphere, extreme of temperature; contamination; *vermin, termites, moths or other insects;* (Emphasis supplied)

The word "vermin" is not defined in the policy, and "vermin" has no established meaning in the law of insurance. We must, therefore, determine whether the term has a readily ascertainable meaning in the plain ordinary sense of the word. Courts often turn to the dictionary to make this determination. *Ramsay v. Maryland American General Insurance Co.,* 533 S.W.2d 344, 346 (Tex.1976).

*Webster's New Collegiate Dictionary,* 1301 (1974) defines "vermin" as "small common harmful or objectional animals (as lice or fleas) that are difficult to control ... birds and mammals that prey on game ... an offensive person." The word is derived from, or related to, the Latin word, "vermis," for "worm." "Squirrel" is defined, *Webster,* 1130, as "any of small or medium-sized rodents ... as ... any of numerous new or old World arboreal forms having long bushy tails and strong hind legs." The Joneses maintain that "vermin" is not a particular class of animals, such as rodents, to which squirrels belong. It is apparent that the definition of "vermin" is very broad, covering entities as diverse as insects, animals, and persons. The few cases we have found in other jurisdictions are divided on this question. We conclude that the term does not have a simple, plain, and generally accepted meaning and that it is susceptible of more than one reasonable interpretation; therefore, we hold that the term is ambiguous. *Ramsay,* 533 S.W.2d at 349.

When a term used in an exclusionary clause is ambiguous, the courts will apply the interpretation which permits recovery. *Id.; International Investors Life Insurance Co. v. Utrecht,* 536 S.W.2d 397, 399 (Tex.Civ.App.—Dallas 1976, no writ). The effect of a comprehensive policy, one which covers "all risks of physical loss," is generally to broaden the coverage. The courts will not write a limitation into a policy where none exists. *Employers Cas-*

*ualty Co. v. Holm,* 393 S.W.2d 363, 367 (Tex.Civ.App. Houston 1965, no writt).

 Because insurance policies are interpreted and construed liberally in favor of the insured and against the insurer, particularly when dealing with exceptions and words of limitation, we hold that the term "vermin" does not include a squirrel and, thus, that the damage done to the Joneses' home by a squirrel is not an excluded loss under the terms of the policy. *Ramsay,* 533 S.W.2d at 349.

We now consider whether the trial court erred in holding that the Joneses failed in their proof of damages. The appellate record does not include a statement of facts. However, in their brief, the Joneses state that the squirrel damaged the structure of the house as well as a sofa, some draperies, and pull-cords; they further state that exhibits evidencing their damages were introduced at trial, and these exhibits are before us. These statements are not refuted by American Economy, which in its brief states that "Appellant's statement of the case is accurate." TEX.R.CIV.P. 419 provides that "any statement made by appellant in his original brief as to the facts or the record may be accepted by the court unless challenged by opposing party." *Whatley v. Whatley,* 493 S.W.2d 299, 301 (Tex.Civ.App.—Dallas 1973, no writt). This court may consider the unchallenged statements of the evidence in an appellant's brief under this rule. *Bond v. Bond,* 547 S.W.2d 43, 45 (Tex.Civ.App.—Eastland 1976, writ dism'd). We note that, in their petition, the Joneses allege losses in the total amount of $2,306.83, but the total amount shown in the exhibits is $2,256.83. This sum represents $1,581.83 to repair the sofa, $100.00 for restoration of the drapes and the pull-cords, and $575.00 to repair wooden window rails and to repaint walls and ceilings. American Economy has not offered any controverting evidence. It maintains that the Joneses failed to carry their burden of proof because the only evidence offered was opinion testimony, which the trial judge had the right to accept or reject. This position is inconsistent with the exhibits introduced, which are itemized statements from those who repaired the damage. We hold that there is sufficient evidence that the Joneses were damaged in the amount of $2,256.83, as evidenced by their exhibits.

Because of our holdings above, we do not find it necessary to address the Joneses' point of error regarding the trial court's failure to file additional requested findings and conclusions. We reverse the trial court's judgment and render judgment for the Joneses in the amount of $2,256.83.

Reversed and rendered with costs taxed against appellee.