Reginald Emery **BACHUS,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–89–01330–CR.

Court of Appeals of Texas, Dallas.

Jan. 8, 1991.

Rehearing Denied Feb. 19, 1991.

E. Brice Cunningham, Lawrence B. Mitchell, Daniel P. Garrigan, Dallas, for appellant.

Robert P. Abbott, Dallas, for appellee.

Before WHITHAM, LAGARDE and KINKEADE, JJ.

## OPINION

WHITHAM, Justice.

Appellant appeals a conviction for criminal conspiracy to commit aggravated un-lawful possession with intent to deliver cocaine in violation of TEX.PENAL CODE ANN. § 15.02(a) (Vernon 1974) and the Texas Controlled Substances Act. Act of May 30, 1983, 68th Leg.R.S., ch. 425, 1983 TEX.GEN. LAWS 2371 & 2373 *repealed by* Act of May 18, 1989, 71st Leg.R.S., ch. 678, § 1, 1989 TEX.GEN LAWS 2934 & 2935–36 (current version at TEX.HEALTH AND SAFETY CODE ANN. §§ 481.108 & 481.112 (Vernon 1990)). In his first point of error, appellant contends that the trial court erred in overruling appellant's objection to the court commenting on the weight of the evidence in violation of the provisions of TEX.CODE CRIM.PROC. ANN. art. 38.05 (Vernon 1979). We agree. Accordingly, we reverse and remand.

■ Although both the State and appellant cite to a statement of facts as to the trial itself, our record does not contain any such statement of facts. All that has been filed as the record in this appeal is:

(1) the transcript, and

(2) statement of facts on motion for new trial.

Nevertheless, both the State and appellant cite to the record of a statement of facts as to the trial itself. Indeed, the facts set out below are undisputed inasmuch as both briefs offer us virtually the same facts to be considered. Moreover, any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by the opposing party. TEX.R.APP.P. 74(f) (formerly TEX.R.CIV.P. 419). The State does not challenge any statement made by appellant in his original brief as to the facts or the record. Consequently, we accept as correct the statement made by appellant in his original brief as to the facts or the record. Indeed, this court has applied the rule in civil cases as here illustrated. Any statement made by appellant in his original brief as to the facts or the record may be accepted by the court unless challenged by the opposing party. *Jones v. American Economy Ins. Co.,* 672 S.W.2d 879, 881 (Tex.App.—Dallas 1984, no writ). In *Jones,* we then proceeded to accept the unchallenged statements. Indeed, the rule is applicable to unchallenged statements

pertaining to damage calculations. *See Modern Aero Sales, Inc. v. Winzen Research, Inc.,* 486 S.W.2d 135, 141 (Tex.Civ. App.—Dallas 1972, writ ref'd n.r.e.) (plaintiff stated in brief that the market value of the aircraft is established conclusively in the amount of $16,000.00 by uncontroverted testimony, and we held that, since this statement was not challenged in appellee's brief, this Court accepts it as true under Texas Rule of Civil Procedure 419). *See also Board of Ins. Commissioners of Texas v. Allied Underwriters,* 180 S.W.2d 990, 993 (Tex.Civ.App.—Dallas 1944, no writ) (we accepted as correct appellants' unchallenged statement that various named items aggregated $30,777.34 of losses sustained by the company by reason of the fraud, dishonesty, and bad faith of its president and secretary). Moreover, the rule applies in criminal cases. One of the rules of civil procedure applicable to appeals in criminal cases is former TEX.R.CIV.P. 419. *Burgess v. State,* 628 S.W.2d 116, 119 (Tex.App.— Beaumont 1981, no pet.). Therefore, we are authorized to utilize Rule 74(f) of the Rules of Appellate Procedure to control the proceedings in the present case. *See Burgess,* 628 S.W.2d at 119. Thus, we do so. With this explanation, we give this factual background.

As its first witness, the State called Officer Craig Leffler, a narcotics investigator for the City of Duncanville. In the beginning of his testimony, the officer began to relate certain conversations that occurred between the officer and a co-defendant. Counsel for appellant interposed a hearsay objection to that testimony with regard to appellant until the State established that the statements were made in furtherance of the conspiracy. The trial court sustained the objection. Subsequently, in a hearing conducted outside the presence and hearing of the jury, the trial court ruled that the State had established the existence of a conspiracy and would therefore admit over hearsay objection the conversation the police officer had with each defendant out of the presence of the other defendant. Thereafter, the State rested its case-in-chief. After this, in the presence of the jury, the State re-offered the testimony which the trial court had previously admitted only against a co-defendant and requested that it be admitted against appellant because the State had established a conspiracy and the statements were made in furtherance of the conspiracy. Counsel for appellant asked what testimony the prosecutor was referring to. The trial court responded in the following manner in the presence and hearing of the jury:

> THE COURT: I think he's offering the testimony between Officer Leffler and defendant Smith, and I excluded it as to defendant Bachus until there was evidence of a conspiracy. *And I now find that there is evidence of a conspiracy,* and I'm going to admit it for all purposes.

(emphasis added). Appellant immediately objected to the trial court's statement as being a comment on the evidence. The trial court overruled the objection.

 The rule in Texas governing discussion of evidence by the trial court is as follows:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

TEX.CODE CRIM.PROC.ANN. art. 38.05 (Vernon 1979). Appellant asserts that the comment of the trial court violated the mandatory provisions of this article of the Code of Criminal Procedure. We conclude that the provisions of article 38.05 state a clear legislative policy that trial courts of this state shall not comment upon the weight of the evidence or in any way infer to the jury the court's opinion of any fact issues before the jury for resolution. The State concedes in its brief that for a trial court's violation of article 38.05 to constitute reversible error, "the comment to the jury must be such that it is reasonably calculated to benefit the State or prejudice the rights of the defendant." *Becknell v. State,* 720 S.W.2d 526, 531 (Tex.Crim.App.1986), *appeal*

*dism'd, cert. denied,* 481 U.S. 1065, 107 S.Ct. 2455, 95 L.Ed.2d 865 (1987). It is a well established rule of law in this State that a trial judge should studiously avoid making any remark calculated to convey to the jury his opinion of the case or of any fact issue raised by the evidence. *McClory v. State,* 510 S.W.2d 932, 934 (Tex.Crim. App.1974). In carrying out its duties in ruling upon an appellant's objection, a trial court must not embellish the ruling with an unwarranted comment. *See Smith v. State,* 595 S.W.2d 120, 123–24 (Tex.Crim. App. [Panel Op.] 1980).

■ In the present case, appellant was on trial for the offense of criminal conspiracy. Thus, the jury was to be the sole judge of the credibility of the testimony of *all* the witnesses. *Jones v. State,* 788 S.W.2d 834, 836 (Tex.App.—Dallas 1990, no pet.). Indeed, the jury should have been left to judge the weight and credibility of the testimony free from the influence of the trial judge. *Jones,* 788 S.W.2d at 836. In the present case, we conclude that the trial court embellished its ruling admitting the testimony of Officer Leffler with an unwarranted comment. We conclude further that the unwarranted comment "I now find that there is evidence of a conspiracy" negated the jury's role as the sole judge of the credibility of *all* the witnesses and failed to accord the jury its full function of judging the weight and credibility of the testimony free from the influence of the trial judge. At the stage of trial at which the challenged comment was made, the jury had not had the opportunity to weigh and determine the credibility of the testimony leading to a finding of appellant's guilt of the offense of criminal conspiracy. Nevertheless, the trial court made known to the jury that *the judge* found that "there is evidence of a conspiracy." In the face of that comment, it defies logic and common sense to expect a jury to tell its "own judge" that he is wrong in what he has heard the witnesses say. Jurors are prone to seize with alacrity upon any conduct or language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence, or the merits of the issues involved. *Jones,* 788 S.W.2d at

836. In the present case, the jury could but surmise that the judge believed that a guilty verdict would or should be forthcoming since "I [the judge] now find that there is evidence of a conspiracy." *See Jones,* 788 S.W.2d at 836. In the present case, we conclude that the trial court advised the jury in their presence and hearing that in the trial court's opinion the State had established the existence of the conspiracy. We conclude, therefore, that the comment by the trial court violated article 38.05 and was beneficial to the State and prejudicial to appellant. It follows that the comment constitutes reversible error.

In concluding that the trial court's comment violated article 38.05, and was reasonably calculated to benefit the State, and prejudice the appellant's rights, we are cognizant of three contentions made by the State. First, the State argues that the comment at issue "just articulated the reason for [the admission of Officer Leffler's testimony]." We find no merit in this argument. The State cannot escape the consequences of a trial judge failing to studiously avoid making any remark calculated to convey to the jury his opinion of the case or of any fact issue raised by the evidence. *See McClory,* 510 S.W.2d at 934. Even if it can be argued that the trial court's comment constitutes no more than a statement of the law, *i.e.,* that the evidence is sufficient to establish a conspiracy, we conclude that the comment, nevertheless, embellishes a ruling on a defense objection to evidence. *See Smith,* 595 S.W.2d at 123–24. Hence, even on this assumption, we conclude that the trial court improperly made a remark calculated to convey to the jury its opinion of the case or of a fact issue raised by the evidence. *See McClory,* 510 S.W.2d at 934. Second, we find no merit in the State's argument that *Davenport v. State,* 460 S.W.2d 130, 132 (Tex. Crim.App.1970) controls. ("I believe there is some evidence that he returned [to the penitentiary] is there not.") We do not read *Davenport* as addressing a ground of error complaining of a trial court's comment made in violation of article 38.05. Ground of error eight in *Davenport* ap-

pears to complain of improper State's argument at the punishment hearing. *See Davenport,* 460 S.W.2d at 131–32.

■ Third, we find no merit in the State's insistence that the trial court cured its error in its charge. The State points to this language in the charge:

At times throughout the trial the Court has been called upon to pass on the question of whether or not certain offered evidence might properly be admitted. You are not to be concerned with the reasons for such rulings and are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law. In admitting evidence to which an objection is made, *the Court does not determine what weight should be given such evidence;* nor does it pass on the credibility of the witness. . . .

*You are instructed that you are not to allow yourselves to be influenced in any degree whatsoever by what you may think or surmise the opinion of the Court to be.* The Court has no right by any word or any act to indicate any opinion respecting any matter of fact involved in this case, nor to indicate any desire respecting its outcome. *The Court has not intended to express any opinion upon any matter of fact in this case, and if you have observed anything which you have or may interpret as the Court's opinion upon any matter of fact in this case, you must wholly disregard it.*

(emphasis added). In light of the charge, the State argues that the trial court cured all error by instructing the jury to disregard any perceived comment on the weight of the evidence. The State advances this assertion relying solely upon *Cline v. State,* 463 S.W.2d 441, 444 (Tex. Crim.App.1971). We quote *Cline's* entire disposition of the assigned error as to comments on the weight of the evidence:

Grounds of error seven and eight complain of statements made by the trial judge which appellant feels were prejudicial and which amounted to comments on the weight of the evidence. We have

examined these statements and perceive no error. Further, any error which may have existed was cured by the court's instruction to the jury that they were not to consider any statements of the court. *Estrada v. State,* Tex.Crim.App. 422 S.W.2d 453 [1968], and *Riley v. State,* Tex.Crim.App. 406 S.W.2d 438 [1966].

*Cline,* 463 S.W.2d at 444–45. The question of dictum aside, we point out that *Cline* did not involve instructions given in the charge. Instead, *Cline* addressed only the effect of an instruction to disregard given following a trial objection to the trial court's comment. Indeed, the instruction given in *Riley,* 406 S.W.2d at 440, and cited in *Cline,* falls in the same category as does also the instruction to disregard in *Estrada,* 422 S.W.2d at 455, also cited in *Cline.* We conclude, therefore, that neither *Cline,* nor the cases it cites, controls in the present case. *Cline* and the cases it cites apply to instructions to disregard made during the evidentiary stage of the trial. The present case has no such instruction. Instead, the issue in the present case involves instructions contained in the jury charge. We conclude, therefore, that *Cline* does not support the State's argument. Consequently, we conclude that the instructions contained in the charge cannot serve as an instruction to disregard the trial court's comment. We reach this conclusion for several reasons. First, the trial court did not sustain the objection to the comment—the trial court overruled the objection. Thus, no need for an instruction to disregard was necessary or appropriate. Second, we deal with error that is reasonably calculated to benefit the State and prejudice the defendant. Indeed, we have a comment which jurors are prone to seize with alacrity, *i.e.,* language of the trial judge which they may interpret as shedding light upon his view of the weight of the evidence. *See Jones,* 788 S.W.2d at 835–36. We conclude, therefore, that to be effective an instruction to disregard must immediately follow the comment and not await the reading of the charge. We reach this conclusion because a trial judge's improper comment on the weight of the evidence, not at once ordered to be disregard-

ed by the judge's command, festers in the jury's mind so as to increasingly benefit the State as the trial progresses and so as to increasingly prejudice the defendant as the trial progresses. Moreover, we fail to see how the belated general language of the charge quoted above directs the jury's attention to the particular comment made and specifically instructs them to disregard that specific comment. It follows, and we so hold, that a trial court's charge to the jury in the above language does not cure all error by instructing the jury to disregard the trial court's comment on the weight of the evidence. Indeed, although federal trial judges have the right to comment on the evidence, there are limitations. *See United States v. Dillon,* 446 F.2d 598, 601 (5th Cir.1971). Where the federal trial court exceeds those limitations in its charge, the prejudicial effect of the charge cannot be cured by the court further instructing the jury in the charge that assessment of credibility of the witness was their exclusive function. *See Dillon,* 446 F.2d at 601.

Because we conclude that the trial court's comment violated article 38.05 and was reasonably calculated to benefit the State and prejudice appellant's rights, we reverse the trial court's judgment and remand the case to the trial court.

LAGARDE, Justice, dissenting.

I respectfully dissent. The majority hold that the trial court's oral comment "[a]nd I now find that there is evidence of a conspiracy ..." constituted a comment on the weight of the evidence which was calculated to benefit the State or prejudice the rights of the defendant. *See* TEX.CODE CRIM.PROC.ANN. art. 38.05 (Vernon 1979); *see also Becknell v. State,* 720 S.W.2d 526, 531 (Tex.Crim.App. [Panel Op.] 1986), *appeal dism'd, cert. denied,* 481 U.S. 1065, 107 S.Ct. 2455, 95 L.Ed.2d 865 (1987). In so holding, the majority give the jury no credit for common sense or intellect by further concluding that those ten words

"negated the jury's role as the sole judge of the credibility of *all* the witnesses and failed to accord the jury its full function of judging the weight and credibility of the testimony free from the influence of the trial judge." From those ten words, the majority not only conclude that "the jury could but *surmise* that the judge believed that a guilty verdict would or should be forthcoming," but, further, that by those ten words "the trial court advised the jury in their presence and hearing that in the court's opinion the State had *established the existence of the conspiracy."*

Because the majority opinion does not, in my opinion, fairly and accurately put the challenged ten word comment by the trial court in the context in which it appears in the partial record before this Court, I feel compelled to do so.

Bachus was charged by indictment with criminal conspiracy to commit aggravated unlawful possession with intent to deliver cocaine.[1] The indictment alleged, in pertinent part, that Bachus did:

knowingly and intentionally agree with Lawrence Anthony Smith, Jr. and others unknown to the Grand Jury that they or one or more of them engage in conduct that would constitute [the] offense of possession with intent to deliver a controlled substance, to-wit: cocaine, in an amount by aggregate weight, including any adulterants or dilutants of 400 grams or more and one or more of them performed on [sic] overt act, to-wit: produced current money of the United States of America, to facilitate the purchase of the above-described controlled substance, in pursuance of the aforementioned agreement with the intent that the offense of possession with intent to deliver a controlled substance be committed
· · ·

Bachus and co-defendant Lawrence Anthony Smith were tried together before the same jury. During the course of their joint trial, the State offered evidence of prelimi-

---

1. TEX.PENAL CODE ANN. § 15.02(a) (Vernon 1974) and TEX.REV.CIV.STAT.ANN. art. 4476–15, §§ 4.011, 4.03(c)(d)(3) (Vernon 1989). Article 4476 of the Texas Revised Civil Statutes has now been codi-

fied and may be found in sections 481.108 and 481.112 of the Texas Health and Safety Code. TEX.HEALTH & SAFETY CODE ANN. §§ 481.108, 481.-112(a), (c) (Vernon 1991).

nary drug negotiations between Smith and Officer Craig Leffler. Bachus's defense counsel objected based on hearsay with regard to Bachus "until the State established that the statements were made in furtherance of the conspiracy." The trial court sustained the hearsay objection and "excluded it as to defendant Bachus until there was evidence of a conspiracy." The challenged testimony, however, was admitted before the jury. The trial court simply restricted the jury's consideration of the testimony to Smith alone. *See* TEX.R.CRIM. EVID. 105(a).

After further testimony,[2] the trial court decided during a sub rosa conference that Smith's statements were admissible against Bachus under the co-conspirator exception to hearsay. *See* TEX.R.CRIM.EVID. 801(e)(2)(E). Following the sub rosa conference and somewhat later into the trial,[3] the following occurred:

> THE COURT: Be seated. Mr. Uhl, did you want to offer some more evidence?
>
> MR. UHL: Yes, your Honor. Judge, we offer the testimony that the Court had previously admitted only against the Defendant Smith. We now at this time offer that against the Defendant Reginald Bachus, also.
>
> MR. CUNNINGHAM: Your Honor, before the Court rules, may I respond?
>
> THE COURT: Yes.
>
> MR. CUNNINGHAM: I'd like to know what testimony he's talking about or referring to so that I can properly respond to it.
>
> THE COURT: I think he's offering the testimony between Officer Leffler and Defendant Smith, and I excluded it as to Defendant Bachus until there was evidence of a conspiracy. And I now find that there is evidence of a conspiracy, and I'm going to admit it for all purposes.
>
> MR. UHL: Against both defendants.

> THE COURT: Yes.
>
> \* \* \* \* \* \*

Defense counsel then objected as follows:

> MR. CUNNINGHAM: Your Honor, comes now Defendant Reginald Emery Bachus, and objects to the Court's ruling that ·he, quotation marks, the Judge, in the presence of the jury—I object to the statement of the Court that the Court had sustained the objection to admitting the testimony as to Bachus, and the Court's statement, quotation marks, and I want the court reporter to put the exact words in there that the Judge used. But as I recall, the Judge said, I now find that there is evidence of a conspiracy in this case. Unquote.
>
> \* \* \* \* \* \*
>
> MR. CUNNINGHAM: For the reason that that is the issue that this jury has to decide, and that the State's—and that the Court's remarks that he found that there was evidence of a conspiracy is a comment on the weight of the evidence in this case [sic] invades the providence [sic] of the jury, because it tells the jury that this Court has already made a determination that there is evidence of a conspiracy.
>
> That is not the prerogative of this Court. That's the prerogative of the jury. The Court has now put itself in the place of the jury, told the jury that you have found that there is evidence of a conspiracy.

The trial court overruled the objection and, likewise, overruled defense counsel's motion for a mistrial.

Based on the above record excerpt, it is a reasonable deduction that the trial court, in initially sustaining Bachus's hearsay objection and limiting the testimony, had stated in front of the jury that it was excluding Smith's testimony "until there was evidence of a conspiracy." Thus, even excluding the ten words to which Bachus objected, *i.e.*, "[a]nd I now find that there is

---

2. The State's brief, unchallenged by Bachus, shows thirty-two intervening pages in the record between the initial sustaining of the objection and the sub rosa conference.

3. The State's brief, likewise unchallenged by Bachus, reflects an additional 230 intervening pages before the State offered the evidence in front of the jury.

evidence of a conspiracy," upon admission of Smith's testimony, the jury would logically have concluded that the trial judge had implicitly decided that "there was evidence of a conspiracy." *Cf. Washington v. State*, 771 S.W.2d 537, 545 (Tex.Crim.App.), *cert. denied,* — U.S. —, 109 S.Ct. 3229, 106 L.Ed.2d 578 (1989) (holding that improper bolstering occurred where testimony shows a witness attended a lineup but no evidence that the witness identified the defendant, and the case goes to trial, the *logical conclusion* is that the witness did identify the defendant.) Bachus did not at trial, and does not on appeal, complain of the trial court's comments, made both at the time he sustained defense counsel's objection and later when he overruled it, that he "excluded it until there was evidence of a conspiracy." Thus, any error as to those comments is waived. *White v. State*, 601 S.W.2d 364, 366 (Tex.Crim.App. 1980).

Furthermore, in context, the trial court's comment simply explained that the intervening evidence had rendered the earlier restricted testimony admissible for all purposes against both defendants. *See Liveoak v. State*, 717 S.W.2d 691, 696–97 (Tex. App.—San Antonio 1986), pet. ref'd *per curiam*, 741 S.W.2d 451 (Tex.Crim.App. 1987); *Young v. State*, 644 S.W.2d 18, 21 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd); *see also Moore v. State*, 505 S.W.2d 842, 844 (Tex.Crim.App.1974). The majority seem to give great weight to the conclusion that jurors are "prone to seize with alacrity" upon those ten spoken words but fail to recognize well-established law that not only are jurors "prone" to follow the court's instructions, but in fact are *presumed* to follow the court's instructions. *Rose v. State*, 752 S.W.2d 529, 554 (Tex. Crim.App.1987) (on mot. for reh'g). The court, in its written charge read at the conclusion of the trial and presumably taken with them into the jury room, specifically and explicitly instructed them that it did *not* determine what weight should be given such evidence and, further, specifically and explicitly instructed them not to so interpret any of his comments and directed them to wholly disregard his comments.

The jury is presumed to have followed those instructions. *Id.* Furthermore, the court in *Rose* found particular significance in the judge's written instructions because "this was the judge's last word on the subject." *Id.* Although the presumption is rebuttable, the evidence before us reflects nothing to rebut the presumption that the jury followed the court's instructions to the letter. *See Cobarrubio v. State*, 675 S.W.2d 749, 752 (Tex.Crim.App. 1983).

I am unwilling to conclude, as do the majority, that the ten challenged words uttered during the course of a four-day trial "fester[ed] in the jury's mind so as to increasingly benefit the State ... [and] prejudice the defendant as the trial progresse[d]." I choose, rather, to conclude that the jurors did in fact just as the law presumes they did—followed the trial court's written instructions to disregard any comment he may have made during the course of the trial. Based on other unobjected-to comments by the trial court, the jury would have necessarily concluded that the trial court had found evidence of a conspiracy when it admitted the objected-to evidence for all purposes against both defendants.

The majority tell us that during examination of the State's very first witness *"counsel for appellant* interposed a hearsay objection to that testimony with regard to appellant *until the State established that the statements were made in furtherance of the conspiracy."* Consequently, counsel for appellant, within his objection, *assumed a conspiracy.* Implicit in the trial court's later admission of the challenged statements as to Bachus was a finding by the trial court that there was evidence of a conspiracy and that the challenged statements were made in furtherance thereof. Consequently even excluding all comments, both those objected-to and those unobjected-to, the jury could have, and probably necessarily would have, concluded that the trial court found that there was evidence of a conspiracy and, further, that the challenged statements were made in furtherance of the conspiracy. Thus, based solely

on defense counsel's phrasing of his objection, when coupled with the trial court's later admission of the challenged statements, and excluding the challenged comment of the trial court, the logical conclusion would have been the same.

It is important to note what the trial court *did not say*. It did not say that there *was a conspiracy*. Only the majority do. It *did not say* the State had established the existence of a conspiracy. Only the majority do. It *did not say* the evidence was sufficient to establish a conspiracy. Only the majority do. And the reason they do is apparent—to transform the trial court's statement that he found *evidence* of a conspiracy into a perceived comment on the *weight* to be given that evidence.

Someone once said that "the faults we see in others are merely reflections of our own inadequacies." Applying that notion to the majority opinion, I conclude that the *surmise, conjecture*, and *sheer speculation* it attributes to the jury is merely a reflection of *its own surmise, conjecture*, and *sheer speculation* which it generously used, albeit maladroitly, in reaching its conclusion that the trial court's statement of what had already been assumed by defense counsel in his objection was a comment on the *weight* of the evidence "calculated to benefit the State or prejudice the rights of the Defendant."

In essence, the majority has said that the "twelve good and true" jurors in this joint trial were so intimidated by their "own judge" that they "seized with alacrity" upon *only* ten words which he *spoke* to them in admitting evidence during the course of a four-day trial; and that they gave great weight to and were heavily influenced by that comment. In doing so, the majority, in effect, say that those same jurors were not intimidated by their "own judge" and, in complete disregard of the law and of their sworn oath to do so, totally ignored and refused to adhere to the following *written* instructions of that same judge which were not only read to them but which were taken with them into the jury room:

At times throughout the trial the Court has been called upon to pass on the question of whether or not certain offered evidence might properly be admitted. You are not to be concerned with the reasons for such rulings and are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law. *In admitting evidence to which an objection is made, the Court does not determine what weight should be given such evidence; nor does it pass on the credibility of the witness.* As to any offer of evidence that has been rejected by the Court, you, of course, must not consider the same. As to any question to which an objection was sustained, you must not conjecture as to what the answer might have been or as to the reason for the objection.

You are instructed that you are not to allow yourselves to be influenced in any degree whatsoever by what you may think or *surmise* the opinion of the Court to be. The Court has no right by any word or any act to indicate any opinion respecting any matter of fact involved in this case, nor to indicate any desire respecting its outcome. The Court has not intended to express any opinion upon any matter of fact in this case, and if you have observed anything which you have or may interpret as the Court's opinion upon any matter of fact in this case, you must wholly disregard it.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given their testimony, but the law you shall receive in these written instructions, and you must be governed thereby.

To paraphrase a recent quote of Margaret Thatcher, "the most honorable gentleman always was an eloquent advocate, but I don't believe that he believes a word of what he has said."

Because I conclude that the trial court's comment was not "calculated to benefit the State or prejudice the rights of the defendant," I would affirm.