**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



| | |
|---|---|
| **DARYL GREGORY; SHIRLEY GREGORY,**<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>**NATIONWIDE MUTUAL INSURANCE COMPANY; ALLIED PROPERTY & CASUALTY INSURANCE COMPANY,**<br><br>Defendants - Appellees. | No. 13-15161<br><br>D.C. No. 2:10-cv-01872-KJM-EFB<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted May 13, 2015[**]
San Francisco, California

Before: **KOZINSKI**, **PAEZ** and **CLIFTON**, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

**1.** The policy excludes coverage for loss from "[n]esting or infestation, or discharge or release of waste products or secretions by birds, vermin, rodents, insects or domestic animals." Mites are the paradigmatic example of "vermin." See Webster's Third New International Dictionary 2544 (2002) (defining "vermin" as "small animals (as lice, bedbugs, mice) that tend to occur in great numbers, are difficult to control, and are offensive as well as injurious"); see also Merriam-Webster's Collegiate Dictionary 1390 (11th ed. 2005) ("small common harmful or objectionable animals (as lice or fleas) that are difficult to control"); XIX The Oxford English Dictionary 547 (2d ed. 1989) ("creeping or wingless insects (and other minute animals) of a loathsome or offensive appearance or character, esp. those which infest or are parasitic on living beings and plants"). Nothing in the policy suggests we should depart from the "ordinary sense" of the term that we ascertain from its dictionary definition. See Scott v. Continental Ins. Co., 51 Cal. Rptr. 2d 566, 569–70 (Ct. App. 1996). Moreover, considering the context of the "vermin" exclusion—a broad exclusion of loss caused by the "[n]esting or infestation" of several types of animals including "insects"—plaintiffs could not have reasonably construed the policy to insure against mite damage. See Blasiar, Inc. v. Fireman's Fund Ins. Co., 90 Cal. Rptr. 2d 374, 379 (Ct. App. 1999).

Plaintiffs argue that "the term 'vermin' does not form a proper basis for a policy exclusion" because it's "legally ambiguous."  They rely on out-of-state decisions which found that the term "vermin" was ambiguous and resolved the ambiguity in favor of the insured.  See Sincoff v. Liberty Mut. Fire Ins. Co., 183 N.E.2d 899, 901–02 (N.Y. 1962) (carpet beetles); Jones v. Am. Econ. Ins. Co., 672 S.W.2d 879, 880–81 (Tex. App. 1984) (squirrels).  But, even if the "vermin" exclusion may be ambiguous as to whether it applies to certain animals, it isn't ambiguous "in the context of this policy and the circumstances of this case." E.M.M.I. Inc. v. Zurich Am. Ins. Co., 84 P.3d 385, 389 (Cal. 2004); see also Blasiar, 90 Cal. Rptr. 2d at 378–79.  Because the only damage claimed by plaintiffs is excluded, their breach of contract claim fails.

**2.** Plaintiffs also claim that defendants breached the implied covenant of good faith and fair dealing because they (1) didn't conduct any investigation of the alleged infestation and (2) denied coverage based on fungus or decay without investigating whether any fungus or decay occurred.  But damage from mites is excluded from coverage, and plaintiffs have never claimed that any damage from fungus occurred.  Because plaintiffs can't show "that benefits were due under the policy," their bad faith claim fails.  Benavides v. State Farm Gen. Ins. Co., 39 Cal.

Rptr. 3d 650, 655–56 (Ct. App. 2006); <u>see also</u> <u>Love</u> v. <u>Fire Ins. Exch.</u>, 271 Cal. Rptr. 246, 255–56 (Ct. App. 1990).

**3.**  In the district court, plaintiffs argued that summary judgment was inappropriate because defendants failed to comply with their discovery obligations. The district court rejected this argument on the ground that plaintiffs did not "describe what facts [they] hope[d] to elicit" from additional discovery.  Because plaintiffs don't "specifically and distinctly argue[]" this point on appeal, any claim of error is waived. <u>See</u> <u>Miller</u> v. <u>Fairchild Indus., Inc.</u>, 797 F.2d 727, 738 (9th Cir. 1986).

**4.**  Defendants' motion to strike portions of plaintiffs' excerpts of record is denied as moot.

**AFFIRMED.**